# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD TITLBACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-967-R |
| | ) |
| B. ANTONELLI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court is federal inmate Richard Pitt's Motion to Reconsider, Doc. 14. On October 2, 2018, Mr. Pitt filed a *pro se* action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) with fellow inmate Ronald Titlbach, alleging various constitutional violations while they were incarcerated at the Federal Correctional Institution in El Reno, Oklahoma. *See* Docs. 1, 5. Pursuant to 28 U.S.C. § 636(b)(1), the Court referred the case to United States Magistrate Judge Bernard M. Jones. *See* Docs. 4, 5. On October 11, 2018, Judge Jones issued a Report and Recommendation wherein he recommended that the Court dismiss without prejudice Mr. Pitt as a plaintiff in the action and instruct him to file an independent action to pursue his claims. *See* Doc. 5, at 3. In making this recommendation Judge Jones noted that, "[t]o litigate together, [Messrs. Pitt and Titlbach] must both sign every document that they jointly file." *Id*. at 2 (citing Fed. R. Civ. P. 11(a)). As Messrs. Pitt and Titlbach are housed in separate institutions in separate states, the logistical problems attendant to their pursuit of this case as joint plaintiffs led Judge Jones to recommend dropping Mr. Pitt as a party to the suit. *See id*. (citing Fed. R.

Civ. P. 21). Judge Jones's Report and Recommendation instructed Mr. Pitt to file an objection by November 1, 2018. *Id*. at 3. Mr. Pitt filed no objection, and this Court adopted the Report and Recommendation on November 14, 2018. *See* Doc. 8. In its Order, the Court noted that Mr. Pitt filed a separate action—*Pitt v. Antonelli et al.*, No. CIV-2018-1102-R—on November 9, 2018, in accordance with Judge Jones's recommendation. *Id*.

Mr. Pitt, no longer a plaintiff in the instant suit, now moves this Court to reconsider its Order adopting Judge Jones's Report and Recommendation, arguing that he and Mr. Titlbach should be permitted to proceed as joint plaintiffs. *See* Doc. 14. First, Mr. Pitt's own actions in filing a separate lawsuit, per Judge Jones's recommendation, seem inconsistent with the instant motion's argument. Second, to the extent that this represents a belated Objection to Judge Jones's Report and Recommendation, the time to object expired over a month ago, and the Court will not now revive that time period. Third, Mr. Pitt and Mr. Titlbach remain incarcerated in separate facilities, as they were at the time of Judge Jones's Report and Recommendation—Mr. Pitt in Pollock, Louisiana, and Mr. Titlbach in Leavenworth, Kansas. None of the logistical problems raised by Judge Jones have abated, and it would still be appropriate for Messrs. Pitt and Titlbach to pursue their claims in separate suits.[1] This does not impact the litigants' ability to serve as witnesses for

---

[1] Mr. Pitt attempts to circumvent the logistical problems raised by Judge Jones and this Court by granting a limited power of attorney to Mr. Titlbach. *See* Doc. 14, at 3. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). To the Court's knowledge, Mr. Titlbach is not a lawyer or admitted to practice before this Court, and "a power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law." *Simmons v. Fallin*, CIV-17-908-SLP, 2017 WL 6606859, at *2 (W.D. Okla. Dec. 27, 2017) (internal quotation marks, citations, and alterations omitted). Moreover, "a pro se litigant may not represent other pro se litigants in federal court." *Lyons v. Zavaros*, 308 F. App'x 252, 255 (10th Cir. 2009).

each other, which should assuage some of Mr. Pitt's concerns. *See* Doc. 14, at 1–2. Accordingly, Mr. Pitt's Motion to Reconsider is DENIED.

IT IS SO ORDERED this 11th day of December 2018.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE